UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELIX BRAGG,<br><br>      Plaintiff,<br><br>v.<br><br>ARROW, INC. d/b/a ARROW WASTE, et al.,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:23-CV-02191-JPB |

## **ORDER**

This matter is before the Court on John Stuart Cross's Motion for Summary Judgment [Doc. 50] and Arrow, Inc.'s Motion for Summary Judgment [Doc. 51]. This Court finds as follows:

## **PROCEDURAL HISTORY**

On May 15, 2023, Felix Bragg ("Plaintiff") filed this renewal action against Cross and Arrow (collectively, "Defendants") seeking to recover damages for injuries that he sustained in a car accident. [Doc. 1]. Discovery in this matter closed on December 1, 2023. [Doc. 41]. Thereafter, on December 29, 2023, Cross filed a Motion for Summary Judgment. [Doc. 50]. On the same date, Arrow also filed a Motion for Summary Judgment. [Doc. 51]. Both motions are ripe for review.

## BACKGROUND

The Court derives the facts of this case from Cross's Statement of Material Facts [Doc. 50-1], Arrow's Statement of Material Facts [Doc. 51-1] and Plaintiff's Additional Statement of Material Facts [Docs. 55 and 56].

As an initial matter, this Court notes that Defendants failed to comply with Section IV of Appendix H of the Local Rules, making review of the pending motion difficult. Section IV provides as follows:

> [a] party electronically submitting evidentiary materials to the Clerk's Office in support of or in opposition to a motion shall also file electronically a document indexing each item of evidence being filed. Each item of evidence should be filed as a separate attachment to the motion to which it relates.

In Cross's Motion for Summary Judgment, which is 116 pages, Cross failed to file a document indexing each item of evidence and failed to file the evidence as separate attachments. The 116 pages consisted of just eleven pages of briefing and more than 100 pages of unindexed evidentiary support. At the very least, Cross should have filed a separate exhibit list that listed each piece of evidence so that the Court could review the motion more easily. Similarly, Arrow's Motion for Summary Judgment is sixty-three pages, which included thirteen pages of legal argument and approximately fifty pages of unindexed evidence.

In addition to improperly filing their exhibits, Defendants also failed to file responses to Plaintiff's Additional Statement of Material Facts. The Local Rules of this Court state that if a respondent to a motion for summary judgment provides a statement of additional material facts, then, within the time allowed for filing a reply, the movant shall file a response to each of the respondent's facts. LR 56.1(B)(3), NDGa. Because Defendants failed to respond to Plaintiff's additional facts, the Court will deem those facts admitted. The facts of this case, for the purpose of adjudicating the instant motion, are as follows.

On April 25, 2018, Plaintiff was involved in a three-car accident on GA-10 in Gwinnett County. [Doc. 56, p. 5]. The accident involved Plaintiff, Nicole Sweatman and Cross, who is employed by Arrow. Id. It is undisputed that Plaintiff was rear-ended by Sweatman and Sweatman was rear-ended by Cross. Id. Notably, both Sweatman and Cross were cited for failing to maintain a safe distance between their vehicles and the ones in front of them. Id.

According to the police report, Sweatman and Cross gave differing statements concerning how the accident unfolded. Indeed, Sweatman asserted that she was rear-ended by Cross and then pushed into Plaintiff. [Doc. 50, p.55]. Cross, on the other hand, claimed that he rear-ended Sweatman only after she hit Plaintiff. Id. While the police report indicates that Plaintiff was unsure of whether

3

Cross hit Sweatman before or after Sweatman hit him, the police officer stated in his report that Plaintiff thought that he was only struck from behind once.  Id.

Plaintiff filed the instant action against Defendants on May 15, 2023, which is the fourth such lawsuit pertaining to this automobile accident.  The first three actions were dismissed.  [Doc. 56, pp. 1–2].  Significantly, it is undisputed that Plaintiff never served Cross in any of the prior actions.  Id. at 3.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts that indicate summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## DISCUSSION

Two summary judgment motions are pending in this case.  The Court will address Cross's Motion for Summary Judgment first.

I.  **Cross's Motion for Summary Judgment**

Cross argues that he is entitled to summary judgment because Plaintiff's Complaint is barred by the statute of limitations, which expired on April 25, 2020.[1] Plaintiff, on the other hand, contends that summary judgment is not warranted here because this is a proper renewal action from a case filed against Defendants on March 27, 2020.

In Georgia, "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33. Georgia's renewal statute, which extends or tolls the statute of limitations in some scenarios, provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

---

[1] It is unclear to the Court which of the four claims asserted in this action pertain to Cross, if any. Counts 1 through 3 appear to be directed at Arrow specifically. Count 4, titled "damages," does not indicate whether Plaintiff is seeking to recover from a specific defendant or both.

O.C.G.A. § 9-2-61(a).  The renewal statute is "remedial in nature" and should be "construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits."  Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994).  Even though the renewal statute should be construed liberally, "[t]he 'privilege' of dismissal and renewal does not apply to cases decided on their merits or to void cases."  Id.  "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit."  Id.

In this case, it is undisputed that Plaintiff never served Cross in any of the previous lawsuits, including the lawsuit filed on March 27, 2020.  Even though Plaintiff served Arrow, the Court finds that the March 27, 2020 lawsuit is nevertheless void as to Cross for lack of proper service.  See Kidd v. First Commerce Bank, 591 S.E.2d 369, 372 (Ga. Ct. App. 2003) (dismissing defendants not served in a previous lawsuit); see also Lathan v. Hosp. Auth., 805 S.E.2d 450, 457 (Ga. Ct. App. 2017) (upholding dismissal of the defendant who was unserved in the original action and acknowledging that the claims proceeded against the other defendants).  Because any previous suits were void as to Cross because he was never served, the renewal statute does not apply in this case.  As a result, Cross's Motion for Summary Judgment is **GRANTED**.

## II.     Arrow's Motion for Summary Judgment

In Arrow's motion, Arrow asserts that it is entitled to summary judgment because Plaintiff purportedly made contradictory statements about the details of the accident.[2]  Specifically, Arrow asserts that Plaintiff said one thing to the responding police officer and in his interrogatories but said another thing in his deposition.  As to the statement to the police officer, the police report states that Plaintiff "was not sure of the series of collisions, but thinks he was only struck from behind once." [Doc. 50, p. 55].  In his interrogatories, in response to a question about how the accident occurred, Plaintiff answered with the following:

> To the best of [my] recollection, I was on my way to a doctor's appointment via Highway 78.  I approached the traffic light, and traffic came to a stop.  Defendant Nicole Patrice Sweatman was traveling behind my vehicle, following too closely, and crashed into my vehicle.  Plaintiff reserves the right to supplement this response as discovery continues.

Id. at 63.  Later, in a deposition, Plaintiff stated:  "I was looking in the rear-view mirror.  When I heard the impact of the truck hitting her, I looked up, and then she

---

[2] Arrow argues that it is also entitled to summary judgment on Plaintiff's claims for attorney's fees and costs under O.C.G.A. § 13-6-11. [Doc. 51, p. 7].  The Complaint contains the following causes of action:  (1) negligence; (2) imputed liability; (3) negligent hiring, training and supervision; and (4) damages. [Doc. 1].  Because it does not appear to the Court that Plaintiff brought any claim for fees under O.C.G.A. § 13-6-11, to the extent that Arrow argues that it is entitled to summary judgment as to Plaintiff's request for attorney's fees, the motion is **DENIED** as unnecessary.

hit me." [Doc. 48, p. 44]. When pressed about his memory, Plaintiff again stated "I heard the impact, I looked in my mirror and then I—she hit me." Id. at 45.

In Georgia, "the testimony of a party who offers himself as a witness in his own behalf . . . is to be construed most strongly against him when it is self-contradictory, vague or equivocal." Prophecy Corp. v. Charles Rossignol, Inc., 343 S.E.2d 680, 683 (Ga. 1986). Importantly, where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover, the opposing party is entitled to summary judgment. Atlantic Inv. Mgmt., LLC v. Beacon Rock Cap., LLC, No. 1:04-CV-1759, 2006 WL 8431619, at *4 (N.D. Ga. Jan. 13, 2006).

As an initial matter, the Court is not convinced that Plaintiff's statements are necessarily contradictory. However, even assuming that the statements are contradictory, Plaintiff's testimony is not the only evidence of his right to recover. In fact, the record contains evidence that Sweatman told the police officer that she only hit Plaintiff after she was hit by Cross. Moreover, Cross was cited in the accident for following too closely. With this record, this is simply not a case where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover. As such, Arrow's Motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Cross's Motion for Summary Judgment [Doc. 50] and **DENIES** Arrow's Motion for Summary Judgment [Doc. 51].

Plaintiff and Arrow are **HEREBY ORDERED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order.  The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal of the case or entry of default judgment.  In the event that a Consolidated Pretrial Order is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the twenty-one-day period.

If the parties would like a stay of this deadline to allow them to conduct mediation, they may file a motion to that effect.  The parties are reminded that the Court can refer this case to mediation before a Magistrate Judge at no cost.  If the parties would like such a referral, they may make such a request in the motion.

**SO ORDERED** this 8th day of July, 2024.

_____
J. P. BOULEE
United States District Judge